IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46438

| | |
|---|---|
| In the Matter of: Jane Doe I, John Doe I, John Doe II and Jane Doe II, Children Under Eighteen (18) Years of Age. | ) ) ) ) |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) |
| Petitioner-Respondent, | ) ) |
| v. | ) ) ) |
| JOHN DOE, | ) ) ) |
| Respondent-Appellant. | ) ) ) |

Filed: January 11, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, affirmed.

Theresa A. Martin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Madison N. Miles, Deputy Attorney General, Boise, for respondent.

LORELLO, Judge

John Doe appeals from a judgment terminating his parental rights. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

John is the father of three children. In July 2017, the children were placed in the care of the Idaho Department of Health and Welfare because the mother tested positive for methamphetamine five days after the birth of the two youngest children, who are twins, and

1

because the children's mother had a "Child Protection history of nineteen (19) prior referrals for hazardous home environment, parental substance abuse, lack of supervision and neglect." At the time of the placement, John was incarcerated and had not been identified as the children's father. Once John was identified as the father, the magistrate scheduled a case plan hearing for him. John was released from custody on parole in November 2017 and ordered to complete a case plan in December 2017.

Within a couple of weeks of his release from custody, John relapsed on methamphetamine and, by January 2018, John was using methamphetamine daily. Also in January 2018, John was arrested for false imprisonment of the children's mother and was later convicted of misdemeanor disturbing the peace. As a result of his arrest and relapse on drugs, John's parole was revoked and he was incarcerated with a parole eligibility date in July 2019 and a sentence satisfaction date in 2024.

During the short period of time John was out of custody, he did not obtain employment, did not complete any substance abuse treatment, did not attend parenting classes, and attended only one appointment for his children. During the six in-person visits John had between November 2017 and January 2018, John was initially engaged with his children, but later would not engage and, instead, sat in a chair and fell asleep. After being re-incarcerated, John had alternating weekend visits with the children at the prison during which John was attentive and nurturing and the children were excited to see him. Upon re-incarceration, John also began substance abuse treatment and started training in computer literacy and masonry.

In June 2018, the Department filed a petition to terminate John's parental rights. Following trial, the magistrate terminated John's parental rights after finding clear and convincing evidence that John had neglected the children, that John had been and is likely to remain incarcerated for a significant period of the children's minority, and that termination is in the best interests of the children. John appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243,

245-46, 220 P.3d 1062, 1064-65 (2009). In a termination proceeding, due process and the substantial evidence test require the trial court's findings be supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006); *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600. The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order terminating parental rights. *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65.

### III.

### ANALYSIS

John does not challenge the magistrate's finding that John neglected his children. John only argues that the magistrate erred in finding John had been incarcerated and is likely to remain incarcerated for a substantial period of time during his children's minority and in concluding that termination is in the best interests of the children. The State argues that, because John has only challenged one of the statutory grounds for termination, this Court must affirm the magistrate's decision on the unchallenged ground. Additionally, the State argues that there is substantial and competent evidence to support the magistrate's finding that termination of John's parental rights is in the children's best interests. We affirm the magistrate's decision on the unchallenged basis for neglect and affirm the magistrate's conclusion that termination is in the children's best interests.

### A. Statutory Basis for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child

3

relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. If any one or more of the grounds for termination are found, termination may be granted. *Doe v. State Dep't of Health & Welfare*, 123 Idaho 502, 504, 849 P.2d 963, 965 (Ct. App. 1993). It is well established that where the judgment of the lower court is based upon alternative grounds, the fact that one of the grounds may have been in error is of no consequence and may be disregarded if the judgment can be sustained upon one of those other grounds. *Id.*

The magistrate found two statutory grounds for termination in this case--neglect and John's incarceration. John disputes only the magistrate's conclusion that he had been and is likely to remain incarcerated for a substantial period of time. Because John does not dispute the magistrate's finding of neglect, we affirm the magistrate's finding of neglect. Thus, we need not decide whether the magistrate correctly determined that John had been and is likely to remain incarcerated for a substantial period of time during the children's minority. *See Doe*, 123 Idaho at 504, 849 P.2d at 965.

**B.      Best Interests of the Children**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

4

The magistrate found it is in the best interests of the children to terminate their parent-child relationship with John in light of John's "criminality and resulting periods of incarceration, substance abuse, lack of parenting experience, and housing instability." The magistrate did not foresee a change in John's circumstances and found it would be "profoundly detrimental" to the physical, mental, and emotional needs of the children to allow them to return to John's care. The magistrate concluded that the "children require and deserve a home that is safe and stable, with a parent who is sober, adequately coping with their mental health needs, present, out-of-custody and able to attend to the children's considerable physical and emotional needs." The magistrate further stated that the children "deserve permanency and the certainty about their future that comes with it," including the "kind of stability and structure they have enjoyed during their time in foster care," which John has demonstrated he cannot provide.

John argues that the magistrate's best interests determination was erroneous, claiming the magistrate erred by not specifically analyzing guardianship as an alternative to termination, failing to address John's bond with his children, and John's testimony "regarding the negative impact that his own adoption had on his life." John's complaints regarding the magistrate's best interests determination do not show the magistrate erred. The magistrate's factual findings are supported by the evidence, and the magistrate's analysis and conclusion that termination is in the best interests of the children reflects consideration of the proper factors relevant to its decision. Moreover, the magistrate's written decision reflects it considered John's testimony regarding his adoption and the positive interactions John has had with his children. The magistrate expressly acknowledged John "demonstrated the ability to have attentive and nurturing visits with his children either when he is sober, or in a prison setting." However, the magistrate was unconvinced that John's relationship with his children is "more than a superficial one" and noted that, when out of custody, John was using drugs daily and began sleeping in a chair during his visits with his children. John has failed to show error in the magistrate's decision to terminate his parental rights.

## IV.
## CONCLUSION

Because John has not challenged the magistrate's alternative finding of neglect, we need not address his challenge to the magistrate's finding that he had been and is likely to remain

5

incarcerated for a substantial period of the children's minority. There was clear and convincing evidence that termination of John's parental rights is in the best interests of the children and the magistrate properly analyzed the evidence in making its decision. Accordingly, the magistrate's judgment terminating John's parental rights is affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.